[Doc. No. 36]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ARTHUR G. D'ARRIGO, JR., <br><br> Plaintiff, <br><br> v. <br><br> GLOUCESTER CITY, et al., <br><br> Defendants. | Civil No. 04-5967(JBS) |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Separate Trials Pursuant to Fed. R. Civ. P. 42(b) [Doc. No. 36] filed by individual defendants Officers Iepson and Morrell. (Hereinafter collectively referred to as "defendants"). The Court has received plaintiff's opposition to defendants' motion [Doc. 40] and defendants' reply [Doc. No. 41]. Pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 7.1(b)(4) the Court exercises its discretion to decide defendants' motion without oral argument. For the reasons to be discussed defendants' motion is DENIED.

BACKGROUND

Plaintiff's complaint was removed to this Court on December 3, 2004. Plaintiff alleges that on January 6, 2004, while traveling on Route 42 in Camden County at about 1:30 a.m., his car was stopped by a Delaware River Port Authority patrolman. See Complaint at ¶1. Plaintiff was then transported to the Gloucester City Municipal Police Department. Id. at ¶2. Plaintiff alleges that while in custody at the police station he was beat up by police officers and suffered serious injuries. Id. at ¶¶6-7.

Plaintiff further alleges that he was later detained at a holding cell at the Delaware River Port Authority facility at the base of the Walt Whitman Bridge.  Id. at ¶8.  Plaintiff contends that defendants failed to provide him with medical attention after he informed them he had suffered injuries.  Id. at ¶9.  The remaining defendants in the case are Gloucester City, the Gloucester City Police Department, the Delaware River Port Authority and individual defendants Patrolman Larry Goodwin, Officer Kenneth Iepson, Officer Brian Morrell and Officer R. Kraft.  Plaintiff claims defendants violated his civil rights pursuant to 42 U.S.C. §1983.

DISCUSSION

Defendants request bifurcation pursuant to Fed. R. Civ. P. 42(b) which reads:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim....[1]

Defendants seek to bifurcate the trials of Officers Iepson and Morrell from the trial against Gloucester City.  Defendants argue that in order to prove liability against Gloucester City, plaintiff must meet the applicable legal standard set forth in Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).  Pursuant to Monell, plaintiff can establish municipal liability under §1983 by proving

---

1.   Effective December 1, 2007, Rule 42(b) reads:

> For convenience, to avoid prejudice, or to expedite or economize, the court may order a separate trial of one or more separate issues, ....

There does not appear to be any substantive difference between the old and new versions of Rule 42(b).

2

that the municipality had an unconstitutional policy or custom. Id. at 694. A policy exists "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)(citations omitted). A plaintiff may establish a custom "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id. (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)). Custom is established by proving knowledge of, and acquiescence to, a practice. Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir. 1989). In order for plaintiff to recover against Gloucester City on his failure to train theory of liability he must prove that Gloucester City exhibited deliberate indifference to the rights of people with whom the police came into contact. Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir. 2004). This typically requires proof that the municipality has a pattern of underlying constitutional violations. Id.

Defendants argue that separate evidence is required to prove liability against the individual defendants and Gloucester City. Defendants further argue that the jury should first determine whether they are liable to plaintiff and only if a verdict is returned against them should the case against Gloucester City be presented to the jury. Defendants posit that this will avoid undue prejudice to them and serve to further the convenience of the court and parties, and that this arrangement will promote efficiency and

judicial economy. Unfortunately, defendants do not identify the specific evidence that is allegedly unduly prejudicial to their interests. In the Brief they filed in support of their motion, defendants argue the evidence "will include alleged prior bad acts by Gloucester City officers who are not defendants in this case and could encompass periods both before and after the alleged incident." Brief at 4, Doc. No. 36. However, in their Reply Brief defendants argue the prejudicial evidence is their prior bad acts:

> More importantly, the potential for prejudice against the individual officers is so substantial, that no limiting instructions, regardless of their content, could cure the damage a single trial would cause. It is likely that evidence of the individual officers' prior bad acts (e.g. citizen complaints by persons other than Plaintiff against Iepson and/or Morrell of excessive force that pre-date this incident by several years, Internal Affairs investigations of Iepson and/or Morrell into allegations by persons other than Plaintiff that pre-date this incident), evidence that would in no way be relevant or admissible to prove Iepson's or Morrell's individual liability, would nonetheless be admissible to prove municipal liability.

Reply Brief at 8-9, Doc. No. 41.

DISCUSSION

The decision to bifurcate is a matter committed to the discretion of the court to be decided on a case-by-case basis. Bair Laboratories, Inc., v. Abbott Laboratories, 978 F.2d 98, 115 (3d Cir. 1992)(citing Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1972)). Before a decision to bifurcate may be made the court, "in the exercise of its discretion, must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984). The party seeking bifurcation has the burden of demonstrating that judicial economy

4

would be promoted and that no party would be prejudiced by separate trials. Princeton Biochemicals Inc. v. Beckman Instruments Inc., 180 F.R.D. 254, 256 (D.N.J. 1997). See also Miller v. New Jersey Transit Authority Rail Operations, 160 F.R.D. 37, 40 (D.N.J. 1995)(the party seeking bifurcation has the burden of demonstrating that he will suffer prejudice if separate trials are not granted and that bifurcation is proper in light of the general principle that a single trial tends to lessen delay, expense and inconvenience to all parties).  This is necessarily a fact intensive analysis dependent on the specific circumstances of each case. Id. Further, a court must take into account the "overall equities" of the case in ruling on a motion to bifurcate. Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp. 2d. 709, 721 (D.N.J. 1999).

Defendants have not satisfied their burden of demonstrating that their bifurcation motion should be granted.  Although defendants argue they will be prejudiced if their motion is not granted, they have merely proffered unsupported general allegations to support their argument. In fact, defendants do not specifically cite any evidence that is allegedly prejudicial.  Rule 42(b) contemplates "undue prejudice".  While there is no doubt that some prejudice could result if defendants "prior bad acts" are admitted at trial, undue prejudice does not necessarily result. As noted in Jeanty v. County of Orange, 379 F. Supp. 2d 533, 549-50 (S.D.N.Y. 2005), "[a]lthough we agree with defendants that the individual defendants may be prejudiced by the testimony of witnesses in support of the Monell claim, we believe any such prejudice could be

5

cured by 'carefully crafted' limiting instructions."

The Court rejects defendants' argument that separate trials would be more convenient and efficient. Two trials would necessarily involve an overlap of witnesses and evidence which would result in a duplication of effort. Further, since defendants have not provided any details regarding the volume or nature of <u>Monell</u> evidence they expect to be used at trial, this Court is left to speculate whether the evidence will consume a minimal or significant amount of trial time. Since it is defendants' burden to prove that separate trials would be more convenient and efficient, and defendants did not submit any specific evidence relevant to these considerations, defendants do not satisfy their burden of proof. The mere fact that a <u>Monell</u> claim will be present at trial does not necessitate that bifurcation be granted. In view of the factual record presented to this Court, the Court agrees with <u>Jeanty</u>, <u>supra</u>, 379 F. Supp. 2d at 550:

> There are less burdensome ways to deal with that situation, including use of a special verdict form, a well-adapted jury charge, and carefully crafted limiting instructions.

<u>See</u> <u>also</u> <u>Rosa v. Town of East Hartford</u>, No. 3:00cv1367 (AHN), 2005 WL 752206, at *5 (D. Conn. Mar. 31, 2005).

Defendants take solace in the fact that they cite a number of non-New Jersey cases that grant bifurcation. They argue, "[f]ederal courts regularly hold that bifurcation is appropriate" in these types of cases. Brief at 4-5. Defendants also argue, "the overwhelming majority of federal courts presented with bifurcation motions involving a municipality have seen the wisdom in separating the trials between individual employees of the

6

municipality and the municipality itself." Reply Brief at 9.[2] The fact that defendants can cite to cases granting bifurcation is not surprising. Since the decision whether to bifurcate requires a fact-intensive analysis left to the sound discretion of the court, based on the facts in a specific case different courts are bound to rule that bifurcation is appropriate. Contrary to defendants' argument, however, substantial authority exists to deny bifurcation motions. See Jeanty, supra; Ingles, supra; Rosa, supra, at *4 (even though bifurcation is not unusual, it nonetheless remains the exception rather than the rule); Green v. Baca, 226 F.R.D. 624 (C.D. Cal. 2005); Mayo v. City of York, PA, Civil No 1:04-CV-2772, 2007 WL 1227716, at *2 (M.D. Pa. 2007)(the potential risk of prejudice to plaintiff if he were forced to try "this relatively straightforward civil rights action" in separate stages militate in favor of denying defendants' motion); Carter v. City of Philadelphia, Civil No. 97-CV-4499, 2000 WL 1368010, at *1 (E.D. Pa. Sept. 12, 2000)(prejudice from a single trial can be adequately addressed by an appropriate jury instruction).

It is not unusual in §1983 cases for plaintiffs to pursue claims against individual defendants while at the same time pursuing a Monell claim against a municipality. This case presents

---

2. There is no support for defendants' "overwhelming majority" statement. See, e.g., Cadiz v. Kruger, No. 06cv5463, 2007 WL 4293976, at *2 (Nov. 29, 2007 N.D. Ill. 2007)("there is no shortage of authority within this district both granting and denying motions by the City to bifurcate Monell claims ... these decisions in the main reflect a case-specific assessment of the benefits and detriments of bifurcation. That much is evident from the fact that the same judges have both granted and denied requests ... to bifurcate the discovery and/or trial of Monell claims from other claims").

no unusual or special circumstances that justify bifurcation.  If this Court granted bifurcation in this case, it would in essence be agreeing that as a matter of routine bifurcation should be granted in cases of this type.  This practice is not permitted.  <u>Lis v. Robert Packer Hospital</u>, 579 F.2d 819, 824 (3d Cir. 1978)(a routine order of bifurcation is a practice at odds with the requirement that discretion be exercised and seems to run counter to the intention of the rule drafters).

<u>CONCLUSION</u>

Accordingly, for the foregoing reasons, it is hereby ORDERED this 17th day of December, 2007, that Defendants' Motion for Separate Trials Pursuant to Fed. R. Civ. P. 42(b) is DENIED.

<u>s/Joel Schneider</u>
JOEL SCHNEIDER
United States Magistrate Judge